UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA RAY HYATT | CIVIL ACTION |
| VERSUS | NO. 19-12967 |
| SHERIFF LELAND J. FALCON ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Plaintiff Joshua Hyatt's complaint under 42 U.S.C. § 1983 was referred to Magistrate Judge Currault for a Report and Recommendation ("R&R").[1] Magistrate Judge Currault recommended dismissal of plaintiff's state law tort claims under 28 U.S.C. § 1367(c) and dismissal of plaintiff's claims against defendants Falcon, Rodrigue, Walker, Tosh, Ory, and Thomas as frivolous under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1). In addition, Magistrate Judge Currault recommends that plaintiff's excessive force claims against defendants Andras and Schmill, and plaintiff's bystander liability claim against defendant Andras, be stayed and the matter administratively closed.

---

[1] *See* R. Doc. 33.

Plaintiff did not object to the R&R.  Therefore, this Court reviews the R&R for clear error.  *See* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  The Court finds no clear error.  Therefore, the Court adopts Magistrate Judge Currault's R&R as its opinion.  Accordingly,

IT IS ORDERED that plaintiff's complaint as to any state law tort, negligence or medical malpractice claim be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies under 28 U.S.C. § 1367(c).

IT IS FURTHER ORDERED that plaintiff's Section 1983 claims as to defendants Falcon, Rodrigue, Walker, Tosh, Ory, and Thomas are DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

IT IS FURTHER ORDERED that plaintiff's Section 1983 excessive force claims against defendants Andras and Schmill and his bystander liability claim against Andras be STAYED and the matter CLOSED for administrative and statistical purposes, to be reopened upon properly filed motion by any

2

party within 30 days of the issuance of the state courts' final ruling or judgment on plaintiff's state law criminal charges of resisting arrest with force or violence. Plaintiff is instructed that failure to file the motion to reopen in a timely fashion could waive his opportunity to proceed with this civil action.

New Orleans, Louisiana, this __18th__ day of September, 2020.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE